UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Crim. No.: 05-80187
    HONORABLE VICTORIA A. ROBERTS

D-1 ALEKSANDR MAKSIMENKO,
D-2 MICHAIL ARONOV,

    Defendants.
_____/

## OPINION AND ORDER

**I. INTRODUCTION**

This matter is before the Court on the Government's Motion for Continuance [Doc. 21]. For the reasons stated, the Court GRANTS the Government's Motion.

**II. BACKGROUND**

Aleksandr Maksimenko and Michail Aronov (collectively "Defendants") are each indicted on one count of Obtaining Labor and Services Through the Use of Threats and Physical Restraint in violation of 18 U.S.C. § 1589. After a hearing on March 31, 2005, the Court affirmed a magistrate judge's order detaining Defendants pending trial. At the same hearing, when asked if the May 3, 2005 trial date was realistic, the Government responded that it was not, unless the Court wanted to have a series of trials, because additional allegations against Defendants had surfaced. The Government further indicated it intended to present the additional allegations to the grand jury in order to broaden the indictment against Defendants and that it intended to invoke international assistance in gathering evidence, which would most assuredly require a motion for

continuance of trial. Indeed, the Government's April 8th continuance motion seeking to delay trial until October 3, 2005 was no surprise. During a conference call conducted on April 19, 2005, the Court notified the parties that the motion would be decided without a hearing.

### III. APPLICABLE LAW AND ANALYSIS

    A.    The Government's Request For Five Month Continuance Pursuant to 18 U.S.C. § 3161(h)(9) Is Appropriate

The Speedy Trial Act permits a criminal trial to be delayed up to one year if the Court finds by "a preponderance of the evidence that an official request... has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country." 18 U.S.C. § 3161(h)(9). The Act refers to a different section, 18 U.S.C. § 3292, for the definition of the term "official request," which is defined as:

> a letter rogatory, a request under a treaty or convention, or any other request for evidence made by a court of the United States or an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country.

18 U.S.C. § 3292(d).

The Government filed a Declaration of Senior Counsel Rex Young on April 19, 2005. (Decl. Rex Young, Apr. 18, 2005, hereinafter "Young Decl."). Young's declaration states that on April 18, 2005, a request was submitted to the Ukraine pursuant to the *Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and Ukraine*, in force February 27, 2001, 1998 U.S.T. LEXIS 203 ("MLAT"). Young Decl. at ¶ 3. Young notes that "[t]he MLAT request seeks the assistance of the Ukrainian authorities in, among other things: conducting witness

interviews; obtaining a host of business, banking, money transfer, travel manifests and immigration records; and in acquiring criminal histories (if any) for subjects and victims in the instant case." *Id.* at ¶ 6. Young opines that, based on his experience, "the evidence requested by the prosecution team can be obtained from Ukranian [sic] sources with the assistance of Ukranian [sic] law enforcement authorities" and "that it will take several months... for the Ukrainian authorities to obtain and transmit the information requested in the government's MLAT request." *Id.* Young's declaration is uncontested. Therefore, the Court finds that the Government has met the requirements for a continuance by a preponderance of the evidence pursuant to 18 U.S.C. § 3161(h)(9). The five month period will be "excluded in computing the time within which the trial" of Defendants must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(9).[1]

    B.    Defendants Have Offered Insufficient Evidence To Suggest a Sixth Amendment Violation

Defendants assert that even if the Government's request comports with the Speedy Trial Act, it, nonetheless, offends their Sixth Amendment right to a speedy trial. Specifically, Defendants argue: "If the Government's request for a lengthy continuance is granted, both defendants will be severely prejudiced by a long period of

---

[1] The Court also calculates 49 additional days of excludable delay. Pursuant to 18 U.S.C. § 3161(h)(1)(F), the period between briefing and hearing on Defendants' challenge of the magistrate judge's Order of Detention is excludable (Mar. 4 through Mar. 31: 27 days), as well as the briefing period relating to the Government's Motion for Continuance (Apr. 8 through Apr. 20: 16 days). Pursuant to 18 U.S.C. § 3161(h)(1)(J), the time under which the motion was under advisement of the Court is excludable (Apr. 20 through Apr. 26: 6 days). Also, pursuant to 18 U.S.C. § 3161(h)(1)(E) the period of Defendants' interlocutory appeal of this Court's Order of Detention may also be excludable.

incarceration..." Def. Br. Opp'n Mo. at p. 2. Citing *Barker v. Wingo*, 407 U.S. 514, 532-533 (1972), Defendants opine that the prevention of oppressive pretrial incarceration is one of the most important purposes of the Sixth Amendment's right to a speedy trial. Def. Br. Opp'n Mo. at p. 1-2. Defendants also argue that the Government's request is "vague and speculative"[2] and this case is not so complex as to justify a continuance.

Whether a defendant's Sixth Amendment right to a speedy trial has been violated is a related, but separate, question from whether a Speedy Trial Act violation occurred. *See United States v. White*, 985 F.2d 271, 274-276 (6th Cir. 1993). "The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003). Four factors must be balanced in a speedy trial analysis. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). These factors are: (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant. *Id.* "[N]o one factor constitutes a 'necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.'" *Schreane*, 331 F.3d at 553 (*quoting Barker*, 407 U.S. at 533). "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* However, unless "there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Cain v. Smith*, 686 F.2d 374, 381 (6th Cir. 1982)(*quoting Barker*, 407 U.S. at 530).

---

[2] Defendants' assertion that the Government's request is vague and speculative is rebutted by the Young Declaration, *supra*.

1.     Five Month Delay Is Not Presumptively Prejudicial

A delay approaching one year is generally considered presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).  Whether a delay is sufficient to constitute presumptive prejudice "depend[s] on the nature of the charges."  *Id.*

In this case, Defendants were indicted on February 16, 2005.  A trial date of May 3, 2005 had been set.  The Government seeks a five month delay.  Without citing one case on point to support their proposition, Defendants assert that a five month delay would be unreasonable and prejudicial.

Defendants cite only *Barker* to support their argument that a continuance would violate the Sixth Amendment.  In *Barker*, the trial was delayed for five years and Barker was jailed for ten months pending trial.  However, the Supreme Court found only minimal prejudice and no Sixth Amendment speedy trial violation.  *Barker*, 407 U.S. at 533-534.

Defendants are charged with Obtaining Labor and Services Through the Use of Threats and Physical Restraint in violation of 18 U.S.C. § 1589.  The case involves "allegation of an international conspiracy to traffic women across two continents, including [allegations] of forced labor, sexual abuse, immigration and visa fraud, alien smuggling and harboring, and money laundering."  Gov't Br. Supp. Mo. at  p. 5.  The Government asserts that it will use the five month delay to obtain evidence from the Ukraine.  Given the circumstances, a five month delay in a case of this complexity is not "unreasonable enough to trigger the *Barker* inquiry.  *United States v. Cope*, 312 F.3d 757, 778 (6th Cir. 2002) (holding an eight-month-and-three-week delay was not unreasonable enough to trigger the *Barker* inquiry in a two-defendant, eleven-count

case that involves multiple allegations of attempted murder); *see also United States v. Schlei*, 122 F.3d 944, 986-989 (11th Cir. 1997)(finding no violation of Sixth Amendment right to speedy trial after full *Barker* inquiry where two year delay was in part based on the government's 18 U.S.C. 3161(h)(9) request to depose individuals in Japan); *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993) ("This six-and-one-half month delay does not rise to the level of constitutional violation."); *United States v. Holyfield*, 802 F.2d 846 (6th Cir. 1986), *cert. denied*, 479 U.S. 1090 (1987) (finding five month delay was not excessive).

### IV.   CONCLUSION

For the reasons stated, the Court GRANTS the Government's Motion for Continuance. It is further ordered that the five month time period shall constitute excludable delay for the purposes of the Speedy Trial Act. An amended Scheduling Order will issue.

IT IS SO ORDERED.

            s/Victoria A. Roberts
            Victoria A. Roberts
            United States District Judge

Dated: April 26, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 26, 2005.

s/Linda Vertriest
Deputy Clerk

---