**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,


v.                              Case No.: 05-80187
                              HONORABLE VICTORIA A. ROBERTS


ALEKSANDR MAKSIMENKO (D-1)
and MICHAIL ARONOV (D-2),

      Defendants.
_____

**ORDER: (1) DECLINING TO HEAR MOTION FOR REVIEW OF ORDER
OF DETENTION AND (2) DENYING MOTION FOR ENTRY OF AN ORDER
EITHER: (A) DENYING MOTION FOR REVIEW OF ORDER, OR
(B) CERTIFYING RELEASE UPON REMAND**

**I.     INTRODUCTION**

       This matter is before the Court on Defendants Motion for Review of the Order of

Detention in light of the five month continuance of trial, and Defendants Motion for entry

of an order either stating this Court will issue an order, following remand: (A) granting

pretrial release or (B) denying the Motion for Review of the Order of Detention.  For the

following reasons, this Court **DECLINES TO HEAR** the Motion for Review of the Order

of Detention for lack of jurisdiction, and **DENIES** the Motion for entry of an Order, either:

(A) denying the Motion for Review of the Order of Detention or (B) certifying release,

upon remand.

1

## II.    BACKGROUND

Aleksandr Maksimenko and Michail Aronov (collectively "Defendants") are each indicted on one count of Obtaining Labor and Services Through the Use of Threats and Physical Restraint in violation of 18 U.S.C. § 1589.  Both face a potential maximum sentence of life in prison.

On February 17, 2005, after a hearing, Magistrate Judge Virginia M. Morgan ordered Defendants detained.  The Magistrate Judge found that Defendants failed to rebut the presumption of detention and that there was clear and convincing evidence that Defendants posed a danger to others and the community if not detained.

Additionally, the Magistrate Judge's findings suggested there was no condition or combination of conditions that would reasonably assure the appearance of Defendants. *See U.S. v. Maksimenko, et al.*, Cr. No. 05-80187, Tr. at pp. 148-150 (E.D. Mich. Feb. 17, 2005) ("Detention Hearing").

Defendants sought review of the pretrial detention order.  This Court issued an "Order of Detention" denying Defendant's Motion for Pretrial Release on March 31, 2005.  An appeal to the 6th Circuit of that Order is pending.

Before the appeal was taken, this Court granted the Government's Motion for a five-month continuance of the trial date and pretrial deadlines.  The trial was originally scheduled to begin on May 3, 2005.  Defendants now seek review of the Order of Detention, relying on the increased length of detention due to continuance of the trial date.  Alternatively, Defendants seek an order denying the motion for review of the Order of Detention  so it can be consolidated with the pending appeal.

## III.    ANALYSIS

1.      **Motion for Review of the Order of Detention**

The Defendants' Motion for review of the Order of Detention cannot be heard because the Court lacks jurisdiction to do so.  This Court was divested of jurisdiction upon notice of the filing of appeal.  The issues sought to be adjudicated in the Motion for Review of the Order of Detention are the same as those currently being appealed; therefore, this Court does not have jurisdiction to rule on the Motion.

"In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985).  As Defendants noted, there is an exception in that, "...a district court continues to have jurisdiction to act in aid of the appeal as authorized under the federal rules." *Jago v. U.S. District Court, Northern District of Ohio*, 570 F.2d 618, 622 (6th Cir. 1978).  However, the decision may not concern the merits of the appeal.

> The only recognized exceptions to this rule allow a district court to enter remedial orders not affecting the merits of the appeal, such as orders granting bail to a successful habeas petitioner, *see Jago v. United States District Court*, 570 F.2d 618 (6th Cir. 1978), and to proceed with a case when the notice of appeal is from a patently non-appealable order, *see Cochran v. Birkel*, 651 F.2d 1219 (6th Cir. 1981).

*U.S. v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984).

Because there are no new issues presented in the Defendants' Motion for Review of the Order of Detention, any decision would affect the merits of the appeal. Indeed, a decision by this Court in favor of Defendants would moot their appeal.  The Government would then be able to appeal that decision.

3

The Defendants seek reopening of the detention hearing pursuant to 18 U.S.C. § 3142(f)(2).  Section 3142(f)(2) states in pertinent part:

> The [detention] hearing may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

While Defendants may not have known of the exact length of the delay of trial, Defendants were aware that there would likely be delay of the original trial date.  During the detention hearing counsel for Defendants argued against detention on the very basis that pretrial detention would be prolonged by superseding indictments and exceptions to Speedy Trial requirements.  The issue of a prolonged detention was already considered when the decision whether to detain the Defendants was made; it cannot now be argued that it was information not known at the time of the hearing.

Further, the length of detention does not materially bear on the issue of safety. The Defendants claim the length of detention as altered by the continuance results in a "significant change of circumstances."  While this may be true, that is not what is required to justify reopening a detention order under § 3142.  The new information must have a material bearing on the safety of other persons and the community.  The length of pretrial delay is simply irrelevant to this inquiry.

Because the issue of prolonged detention was considered at the initial detention hearing, and is not relevant to the § 3142(f)(2) inquiry, the only factors to be considered in the motion for review are the same as those previously considered.  Therefore, this

4

Court is precluded from ruling on the motion for review since it would affect the merits of the appeal.

      2.      **Motion for Entry of an Order Either: (A) Denying the Motion for Review of the Order of Detention, or (B) Certifying Release Upon Remand**

The parties urge that this Court has other options for disposal of this motion. The parties claim that in addition to declining to hear the motion, the court may also deny the motion or certify that it would grant it if remanded. However, these options are exclusively applicable to motions filed under Federal Rule of Criminal Procedure 33 and Federal Rule of Civil Procedure 60 for new trial based on newly discovered evidence, and Federal Rule of Criminal Procedure 35 for reduction of sentence. *See U.S. v. Phillips*, 558 F.2d 363 (6th Cir. 1977); *First National Bank of Salem Ohio v. Hirsch*, 535 F.2d 343 (6th Cir. 1976); *U.S. v. Blanton*, 697 F.2d 146 (6th Cir. 1983); *U.S. v. Hatfield*, 815 F.2d 1068 (6th Cir. 1987); *U.S. v. Sanzo*, 831 F.2d 671 (6th Cir. 1987). There is no authority that extends use of this procedure to motions for review or reopening of detention orders[1].

### V.      CONCLUSION

For the foregoing reasons, this Court **DECLINES TO HEAR** the Defendants' Motion for Review of the Order of Detention for lack of jurisdiction. Additionally, this Court **DENIES** the Defendants' Motion for Entry of an Order either: (A) denying the

---

[1]Even if the procedure was applicable here, this Court would not err if it declined to apply it,, "[t]hough these cases allow the court to entertain a motion for relief even while an appeal is pending, they do not require the court to do so." *LSJ Investment Company v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

5

Motion for Review of the Order of Detention, or (B) certifying the Court will release the

Defendants if remanded.

**IT IS SO ORDERED.**

**s/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  August 26, 2005**

| |
|---|
| **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 26, 2005.**<br><br>**s/Linda Vertriest**<br>**Deputy Clerk** |

6