UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                              Case No: 05-80187
                                              Honorable Victoria A. Roberts

ALEKSANDR MAKSIMENKO,

    Defendant.
_____/

## ORDER

In the Rule 11 Agreement, the parties agreed there should be an evidentiary hearing before the Court determines if there should be a cross reference to U.S.S.G. 2H4.1(b)(4)(B) (criminal sexual abuse) in arriving at the Defendant's offense level. If it is applied, Defendant's total offense level would increase to 40, minus three points for acceptance of responsibility.

At the evidentiary hearing the Government expects to call two women as witnesses whom the Defendant allegedly sexually assaulted. In its Memorandum Regarding Criminal Sexual Abuse Hearing, the Government asks the Court to limit evidence of sexual behavior of the victim witnesses to their interactions with Defendant. The Defendant did not file a response. The Court treats the Government's request as a Motion in Limine.

The Government asserts that under FRE 412, the Court: 1) should not permit Defendant to question the victim witnesses about their prior sexual history with persons other than Defendant, and 2) should limit lengthy exploration into the victims' profession

1

to the extent Defendant attempts to do so to suggest consent.

The Government points out that the purpose of FRE 412's exclusions is to avoid exposing victims to harassing or irrelevant inquiries into their past sexual behavior. *See United States v Saunders*, 943 F.2d 388, 392 (4th Cir. 1991)*(*"[T]he clear intent of the rule [is] to protect victims of rape from being exposed at trial to harassing or irrelevant inquiry into their past sexual behavior."). Therefore, except in limited circumstances which do not apply here, a defendant is prohibited under FRE 412 from introducing evidence about a victim's sexual history with persons other than the defendant or which purports to show a victim's sexual predisposition:

> **(a) Evidence generally inadmissible.**--The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):
>
> **(1)** Evidence offered to prove that any alleged victim engaged in other sexual behavior.
>
> **(2)** Evidence offered to prove any alleged victim's sexual predisposition.
>
> **(b) Exceptions.--**
>
> **(1)** In a criminal case, the following evidence is admissible, if otherwise admissible under these rules:
>
> **(A)** evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;
>
> **(B)** evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and
>
> **(C)** evidence the exclusion of which would violate the constitutional rights of the defendant.

Since the purpose of FRE 412 would be served during the evidentiary hearing, and the rule expressly applies to any "criminal proceeding," not just trials, the Government asserts that FRE 412 protections should apply to the evidentiary hearing.

The Government further argues that Defendant should be prohibited from inquiring at length about the women's profession as exotic dancers. The women danced in strip clubs and, per the Government, were encouraged by Defendant to engage in sexual behavior on stage and in private rooms at the clubs. The Government argues that Defendant should not be permitted to question the witnesses at length about their profession if the purpose is only to suggest that, because of their profession, they implicitly consented to sex with the Defendant. In support of its assertion, the Government points out that FRE 412 expressly prohibits introduction of evidence to suggest a victim's sexual predisposition. And, the Advisory Committee Notes to FRE 412 explain that the prohibition extends to a victim's lifestyle:

> [FRE 412(a)(2)] is designed to exclude evidence that does not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation for the factfinder. Admission of such evidence would contravene Rule 412's objectives of shielding the alleged victim from potential embarrassment and safeguarding the victim against stereotypical thinking. Consequently, . . . ***evidence such as that relating to the alleged victim's mode of dress, speech, or life-style will not be admissible.***

FRE 412, Advisory Committee Notes (1994 Amendments)(emphasis added).

The Court agrees with the Government and imposes the limitations requested. The Government correctly states the rule and its rationale. And, *United States v Saunders*, 943 F.2d 388 (4th Cir. 1991), which the Government relies upon, is instructive. In *Saunders*, defendant was convicted for aggravated sexual abuse. On

appeal, he argued that the district court erred in excluding evidence that the victim was a prostitute who traded sex for drugs with a third party on a prior occasion. Defendant claimed he had consensual sex with the victim and argued that evidence of her reputation was relevant to his state of mind.

The *Saunders* Court affirmed the lower court. It held that the victim's alleged sexual history with a third party did not fall within any of the FRE 412 exceptions and was irrelevant:

> [T]he scheme of Rule 412 is that reputation and opinion evidence about a victim's past sexual behavior are never admissible, and evidence of specific prior acts is limited (to the extent constitutionally permitted) to directly probative evidence.

943 F.2d at 391. The Court also rejected defendant's assertion that his knowledge that she was a prostitute corroborated his belief that she consented:

> When consent is the issue, . . . section (b)(1)(B) [of FRE 412] permits only evidence of the defendant's past experience with the victim. The rule manifests the policy that it is unreasonable for a defendant to base his belief of consent on the victim's past sexual experiences with third persons, since it is intolerable to suggest that because the victim is a prostitute, she automatically is assumed to have consented with anyone at any time.

*Id* at 392.

The same rationale applies here. Absent a showing of relevance, inquiry into either woman's sexual history with persons other than Defendant is expressly prohibited under FRE 412. And, it would be particularly appropriate to prohibit Defendant from making extended inquiry into each woman's profession to establish implied consent since they were compelled by Defendant to work as strip club dancers and, per the Government, to engage in sexual behavior on stage and in private rooms.

The Government's Motion in Limine is Granted.

**IT IS ORDERED**.

                                       /s/ Victoria A. Roberts
                                       Victoria A. Roberts
                                       United States District Judge

Dated:  February 14, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 14, 2007.

s/Linda Vertriest
Deputy Clerk

---